```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON
MARY L. REYNOLDS,                 ) No. 04-CV-3124-AAM
                                  )
          Plaintiff,              ) ORDER DENYING PLAINTIFF'S
                                  ) MOTION FOR SUMMARY JUDGMENT
     v.                           ) AND GRANTING DEFENDANT'S
                                  ) MOTION FOR SUMMARY JUDGMENT,
JO ANNE B. BARNHART,              ) INTER ALIA
Commissioner of Social            )
Security,                         )
                                  )
          Defendants.             )
_____)
```

BEFORE THE COURT are cross motions for Summary Judgment. (Ct. Rec. 12, 14).  Attorney D. James Tree represents the Plaintiff; Assistant United States Attorney Pamela Derusha and Special Assistant United States Attorney Joanne Dantonio represent the Defendant.  After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** Defendant's motion for summary judgment.

### I.   JURISDICTION

Mary L. Reynolds(Plaintiff) protectively filed for Supplemental Security Income on April 16, 1996.  (Tr. 125.)  She alleged disability due to back, spine, neck and wrist pain, with an onset date of September 1, 1994. (Tr. 129.)  Her application was denied initially and upon reconsideration.  (Tr. 114, 120.)  She timely requested a hearing before an administrative law judge

ORDER DENYING PLAINTIFF'S
FOR SUMMARY JUDGMENT, *INTER ALIA* - 1

(ALJ), which was held on September 29, 1997. (Tr. 123, 515.) The ALJ denied her application; however, the Appeals Council remanded the case for further proceedings. (Tr. 334.) A supplemental hearing was scheduled, Plaintiff failed to appear, and a dismissal was entered. (Tr. 362.) The Appeals Counsel reversed the dismissal and remanded the matter for completion of the record and a new hearing. (Tr. 367.)

Another supplemental hearing was held on December 3, 2002, before ALJ Verrell Dethloff. (Tr. 478-509.) Plaintiff appeared and was represented by counsel. ALJ Dethloff denied Plaintiff's claim for benefits on May 19, 2003. (Tr. 29.) The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (Tr. 12-14.) The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II.  SEQUENTIAL EVALUATION

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner is governed by a five-step sequential evaluation process for determining whether a plaintiff is disabled. 20 C.F.R. § 404.1520, 416.920. [1]

---

[1] Certain sections of 20 C.F.R. addressing Title II and Title XVI benefits have been amended. 68 F.R. 51153. The amendments are applicable to administrative decisions dated on or after September 25, 2003. 68 F.R. 51159. Accordingly, the amendments are not applicable here. Any reference to C.F.R. sections in this opinion is pre-amendment.

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, *INTER ALIA* - 2

In steps one through four, a claimant must demonstrate a severe impairment and an inability to perform past work. *Erickson v. Shalala,* 9 F.3d 813 (1993). If a claimant meets those requirements, the burden shifts to the Commissioner to demonstrate a claimant can engage in other types of substantial gainful work which exist in the national economy. *Erickson* at 817 *(citing Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984)). To make this determination, the Commissioner must consider a claimant's age, education and work experience. 20 C.F.R. § 404.1520(f). *See Bowen v. Yuckert,* 482 U.S. 137 (1987).

### III.   STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

### IV.   STATEMENT OF THE CASE

Plaintiff was 50 years old at the time of the hearing, with

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, *INTER ALIA* - 3

an 11th grade education. (Tr. 487.) She has worked as a nurse's aide and a fruit sorter. (Tr. 137.) Plaintiff had a twenty year history of drug and alcohol abuse. (Tr. 94.) She testified that she quit using cocaine in 2000. (Tr. 488.) She smoked from one to two packs of cigarettes a day over the years. (Tr. 535.) At the 1997 hearing, she testified she used an inhaler occasionally, but did not take prescription drugs. (Tr. 529, 535.) At the time of the 2002 hearing she was taking albuterol and medication for her stomach and back problems, but was no longer taking Tylenol. (Tr. 486.) She testified she had decreased her smoking to three times per day. (Tr. 488.)

Plaintiff is right-hand dominant. In May 1993, she fell and injured her left wrist. Surgery was required to repair the left distal radius fracture. (Tr. 166.) She testified she cannot do heavy lifting with her left wrist and it bothered her once or twice a week. She stated her wrist hurts when bent. (Tr. 495, 526.) She stated she does some housework, shops, and cooks. (Tr. 484-85.) In 1997, she testified she could walk only 10 to 15 minutes at a time, could not lift more than 5 pounds and could not stand or sit for more than 10 to 15 minutes at a time. (Tr. 524, 528.) In 2002, she testified her legs went numb after standing for one half hour. (Tr. 492.)

### V. ADMINISTRATIVE DECISION

The ALJ applied the five-step sequential evaluation process for determining whether Plaintiff is disabled. At step one, he found she had not engaged in substantial gainful activity since her alleged disability onset date; at step two he found she had the severe impairment of status post left wrist fracture; at step

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, *INTER ALIA* - 4

three, he found the impairment did not meet or equal the requirements of a listed impairment. (Tr. 28) At step four he determined she had the residual functional capacity to perform light work and could perform her past relevant work as a fruit sorter. (Tr. 27.) In the alternative, he found a more limited residual functional capacity of light work with occasional use of the left non-dominant hand and arm with a non-exertional limitation in her ability to lift more than ten pounds with her left arm. (Tr. 28, 29.) The ALJ proceeded to step five. Based on testimony of the vocational expert, he found Plaintiff able to perform other work in the national economy (such as recreation aide and area checker) and, therefore, not disabled as defined by the Social Security Act. (Tr. 28, 29.)

## VI. ISSUES

The question presented is whether there was substantial evidence to support the ALJ's decision and whether the decision was based on proper legal standards. Plaintiff asserts the ALJ erred when he (1) improperly rejected her physicians' opinions; (2) conducted an inadequate step four analysis; and (3) presented an incomplete hypothetical to the vocational expert. (Ct. Rec. 13, p. 11).

## VII.   DISCUSSION

A.  Rejection of Physicians' Opinions

Plaintiff argues the ALJ did not give adequate reasons for rejecting treating physician Shirley Mauch's opinion that she was severely limited and unable to perform more than sedentary work. (Ct. Rec. 13, p. 14). Defendant responds the ALJ provided substantial reasons to reject Dr. Mauch's opinions, which were

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, *INTER ALIA* - 5

contradicted by examining medical sources and based on Plaintiff's unreliable subjective complaints. (Ct. Rec. 18, p. 8).

In a disability proceeding, a treating physician's opinion is given more weight than that of an examining or non-examining physician. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (*quoting Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *Smolen v. Chater,* 80 F.3d 1273, 1285-88 (9th Cir. 1996); *Flaten v. Secretary of Health and Human Serv*., 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). If a treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester,* 81 F.3d at 830. If contradicted, the ALJ may reject the opinion if specific, legitimate reasons that are supported by substantial evidence are given. *See Flaten*, 44 F.3d at 1463; *Fair*, 885 F.2d at 605. To meet this burden, the ALJ can set out a detailed and thorough summary of the facts and conflicting clinical evidence, state his or her interpretation of the evidence, and make findings. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Historically, courts have recognized internal inconsistencies, conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints as specific, legitimate reasons for disregarding an examining physician's opinion. *Thomas,* 278 F. 3d at 957; *see also Flaten*, 44 F.3d at

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, *INTER ALIA* - 6

1463-64; *Fair*, 885 F.2d at 605.  Further, the more consistent an opinion is with the record as a whole, the more weight is given to that opinion.  20 C.F.R. § 404.1527(d)(4).  The ALJ does not need to accept the opinion of any medical source if it is conclusory, brief or unsupported by findings.  *Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  Although deference is given to a treating physician's opinion, the determination of whether an impairment meets or equals a listing and the ultimate determination of disability are findings reserved solely for the Commissioner.  *Tonapetyan v. Halter*, 242 F. 3d 1144, 1148 (9th Cir. 2001); *SSR 96-5p*.

   Here, records from Dr. Mauch include Department of Social and Health Services (DSHS) physical evaluation forms and treatment notes.  The DSHS forms are from 1997 through 2001 and indicate Plaintiff is limited to sedentary work.  (Tr. 266-269,410-24.)  The diagnoses over the years included degenerative joint disease (spine), reflux disease (GERD), numbness of hands, left wrist trauma and pain, low back pain, asthma, abdomen pain, left arm pain and numbness and hepatis C.  Severity ratings for each diagnosis varied from moderate to marked, depending upon the date of the evaluation.  Dr. Mauch rated Plaintiff's abdominal pain a "severe" impairment in 1998.  In 1996 and 1997, she rated Plaintiff's abdominal pain, lower back pain and asthma as "severe" impairments.  (*Id*.)

   The ALJ summarized the medical evidence, including reports and notes submitted from Plaintiff's examining physicians, some of whom were specialists referred by Dr. Mauch. (Tr. 23.)  He found no clinical evidence of carpal tunnel syndrome or GERD that

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, *INTER ALIA* - 7

1  equaled a severe impairment.  (*Id.*)  He also found that although
2  Plaintiff continued to smoke up to one pack per day against
3  medical advice, clinical pulmonary testing revealed only mild
4  obstruction.  (Tr. 23, 293.)
5       The ALJ specifically rejected Dr. Mauch's assessment of the
6  severity of Plaintiff's impairments and her conclusion that
7  Plaintiff was restricted to sedentary work level, stating Dr.
8  Mauch's clinical notes revealed examinations that "have been
9  largely benign."  (Tr. 23.)  He stated:  "Dr. Mauch consistently
10 noted that claimant had no neurological deficit."  He found that
11 Plaintiff had presented "at numerous examinations in no apparent
12 distress."  (Tr. 24.)  He further cited to clinical findings that
13 Plaintiff's liver problems improved after she stopped drinking,
14 that her bone density examination in 2003 revealed moderate
15 osteoporosis that did not cause significant vocational or daily
16 activity restrictions.  (Tr. 24, 25.)  He noted that the record
17 did not include evidence of "significant motor loss, muscle
18 weakness or sensory or reflex loss."  (Tr. 26.) These are specific
19 and legitimate reasons to discount Dr. Mauch's assessment that
20 Plaintiff was severely impaired. [2]
21      The ALJ's findings are amply supported by the record.
22 Specifically, Dr. Mauch's clinical notes do not include reference
23 to severe limitations in Plaintiff's functioning during visits.
24 (Tr. 376-92.)  Dr. Mauch noted asthma as level 5 ("severe") once

---

[2] The ALJ also found Dr. Mauch had relied upon Plaintiff's subjective statements, which were found not credible.  The ALJ's credibility finding has not been challenged and is supported by substantial evidence.  (Tr. 25.)

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, *INTER ALIA* - 8

in November 1996, but did not refer to this condition in the following years. (Tr. 268.) Further, as stated by the ALJ, Dr. Mauch's clinical notes for November 1996 indicate "no apparent distress"; "Lungs are clear to auscultation." (Tr. 24, 284, 285.) The ALJ noted that Plaintiff had no medical treatment for her lower back pain over the ten years it has allegedly been a problem, or for current wrist pain. (Tr. 24, 465.) The record also shows Plaintiff frequently failed to show for her appointments with Dr. Mauch. (Tr. 378, 383, 388, 450.) A failure to follow up with medical treatment for an alleged impairment is inconsistent with Plaintiff's alleged degree of pain. *See Fair*, 885 F.2d at 604.

Plaintiff argues that the ALJ erred in finding Dr. Mauch's opinions were unsupported by medical evidence and based only on Plaintiff's self report. (Ct. Rec. 13, p. 13). She asserts that even though Dr. Mauch's records do not include the objective evidence of severe limitations, Dr. Mauch relied upon reports from specialists to whom she referred Plaintiff. (*Id*.) This argument fails. At the 1997 hearing, Plaintiff testified she was not happy with Dr. Mauch services, and that Dr. Mauch primarily asked her how she been, how she was feeling and what kind of pain medication she wanted. (Tr. 522.) As mentioned above, clinical testing did not reveal serious pulmonary problems, digestive tract problems, or degeneration of the spine requiring medical treatment. (Tr. 222, 224, 275.) The record does not show any surgical intervention for these alleged impairments either. Dr. Cooke, who diagnosed carpal tunnel syndrome, also opined Plaintiff was capable of "light" work. His two page report included no range of

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, *INTER ALIA* - 9

motion testing or imaging to support his opinion. (Tr. 373.) The ALJ rejected Dr. Cooke's diagnosis as brief and conclusory "with little objective support." (Tr. 23.) The ALJ's reasoning is supported by substantial evidence in the record.

Reports from examining and reviewing physicians support the ALJ's rejection of Dr. Mauch's findings. In January 2003, James Damon, M.D. examined Plaintiff and found low back pain without significant objective findings, asthma by history and status post left wrist fracture, with no significant residuals. (Tr. 465-66.) Plaintiff told him she was being treated for asthma with Claritin and albuterol, but was still smoking one pack of cigarettes a day. (Tr. 465.) Dr. Damon assessed Plaintiff's grip strength as normal bilaterally; she could operate buttons and zipper satisfactorily and pick up coins from the table. He opined she had no functional exertional restrictions, and was limited to occasional climbing, balancing, kneeling, crouching, crawling, and stooping, but was capable of light work. (Tr. 466, 468.) The ALJ accepted Dr. Damon's conclusions regarding exertional restrictions as consistent with his narrative and the findings of other DDS physicians who examined Plaintiff in 1996. (Tr. 24, 26, 157-63, 219-21.) The ALJ specifically rejected Dr. Damon's limitation regarding inhalants, finding a lack of substantial evidence of pulmonary disease and Plaintiff's choice to continue smoking against medical advice. (Tr. 27, 377.)

Viewing the record in its entirety, the ALJ's evaluation of the evidence was reasonable and his findings are supported by substantial evidence. The ALJ's rejection of Dr. Mauch's opinions that Plaintiff had severe impairments and was restricted to

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, *INTER ALIA* - 10

sedentary work is without legal error.

B. <u>Step Four and Step Five</u>

Based on the findings of Drs. Damon, Fuller and Rodkey, the ALJ found Plaintiff capable of light work, including her past relevant work as a fruit sorter. (Tr. 27.) Plaintiff argues her work as a fruit sorter did not meet the criteria of "substantial gainful activity," therefore, the ALJ's finding was error. She also argues the ALJ did not make the findings required by *SSR 82-62* to support his determination she could perform past relevant work. However, the ALJ went on to make step five findings that Plaintiff could perform other work in the national economy; therefore, any error at step four regarding Plaintiff's past relevant work is "harmless error." *See Batson v. Commissioner of Social Security Admin.,* 359 F.3d 1190,1197 (9th Cir. 2004) (*citing Curry v. Sullivan,* 925 F.2d 1127, 1131 (9th Cir. 1990)(applying the harmless error standard)).

At step five, the ALJ considered restrictions from Plaintiff's wrist injury in assessing her ability to perform light work. (Tr. 28.) His hypothetical to vocational expert William Cagle included "an additional limitation to only occasional use of the left, non-dominant hand and arm, lifting no more than 10 pounds with the left arm." (*Id.; see also*, Tr. 499.) Plaintiff argues this was incomplete because it did not reflect her restriction to sedentary work as opined by Dr. Mauch, and did not include mental limitations included in the 1987 reports from Drs. Utt and Thompson. (Ct. Rec. 13, p. 16); *(See also* Tr. 48-50, 92-95, 103-05.) This argument is without merit. As discussed above, the ALJ properly discounted Dr. Mauch's opinions regarding severe

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, *INTER ALIA* - 11

impairments and sedentary work limits.  Further, Plaintiff has not alleged a disability due to mental impairments.  (Tr. 129.)  The 1987 reports do not indicate a condition that persisted more than 12 months, and subsequent medical reports (including those of treating physician Dr. Mauch) make no mention of mental impairments.  Further, the record reflects Plaintiff worked as a fruit sorter for various companies from 1988 through 1994. (Tr. 137.)  The ALJ did not err at step five.  Accordingly,

**IT IS ORDERED:**

    1. Plaintiff's Motion for Summary Judgment is **DENIED.**

    2. Defendant's Motion for Summary Judgment is **GRANTED.**

    3. Judgment for the **DEFENDANT** shall be entered. The District Court Executive is directed to enter this Order, forward copies to counsel, and thereafter shall close this file.

    **DATED** this 27th  day of October 2005.


                                             s/ Alan A. McDonald
                                                ALAN A. McDONALD
                             SENIOR UNITED STATES DISTRICT JUDGE